UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abdimalik Hashi,<br><br>Plaintiff,<br><br>v.<br><br>Law Offices of David M. Katz P.C.,<br><br>Defendant. | Case No. 20-cv-02443 (SRN/ECW)<br><br><br>**ORDER** |

Peter F. Barry, The Barry Law Office, Ltd., 2828 University Avenue Southeast, Suite 202, Minneapolis, MN 55414, for Plaintiff.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Attorney's Fees [Doc. No. 17] filed by Plaintiff Abdimalik Hashi. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

Hashi brought this action against the Law Offices of David M. Katz P.C., a law firm operating in New York, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On February 1, 2021, Hashi accepted the Defendant's Offer of Judgment under Federal Rule of Civil Procedure 68. (Notice of Acceptance of Offer of J. [Doc. No. 12].) Pursuant to the Offer of Judgment, the parties agreed to judgment awarding Hashi $1,001 in damages under the FDCPA, along with costs and attorney's fees as agreed to by counsel or as determined by this Court. (Offer of J. [Doc.

No. 12-1].) After the parties could not agree on the amount of attorney's fees, Hashi brought this motion.

## II.  DISCUSSION

In order to aid enforcement of the Fair Debt Collection Practices Act, Congress included a fee-shifting provision in the statute. *See* 15 U.S.C. § 1692k(a). The Court has broad discretion in determining the amount of attorney's fees that are reasonable in an FDCPA action. *Armstrong v. Rose L. Firm, P.A.*, No. 00-cv-02287 (MJD/SRN), 2002 WL 31050583, at *1 (D. Minn. Sept. 5, 2002). Applying the lodestar method, the Court must first multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This analysis requires the Court to consider a number of factors, such as: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3. "[T]he most critical factor is the degree of success obtained." *Id.* at 436.

In his motion, Hashi sought a fee award of $17,545, representing 31.9 hours expended at an hourly rate of $550. David Katz, on behalf of the Defendant, filed a letter

arguing that Hashi's counsel inflated his time spent on this matter.[1] (Letter to District Judge [Doc. No. 24].) Mr. Katz pointed to a January 4, 2021 telephone call with Hashi's counsel, Peter Barry, for which Mr. Barry billed 0.4 hours. Mr. Katz represented that his call logs show that the call lasted only 16 minutes. (*Id.*) Based on this discrepancy, Mr. Katz stated that he "question[s] all [Mr. Barry's] time billing in this matter," and requested that the Court closely scrutinize Mr. Barry's time logs. (*Id.*) Mr. Katz did not contest Hashi's claim to a $550 hourly rate for Mr. Barry's assistance. In response to Mr. Katz's letter, Hashi submitted a declaration from Mr. Barry, explaining the software he used to track his time spent on this matter and averring that the 31.9-hour count is accurate. (*See* Second Decl. of Peter F. Barry [Doc. No. 25].) That declaration also attests that Mr. Berry spent an additional 2.7 hours responding to Mr. Katz's letter, bringing the total hours expended to 34.6.

The Court finds that $550 is a reasonable hourly rate for Mr. Barry's services in this matter. By obtaining an Offer of Judgment in excess of the maximum statutory damages under the FDCPA, Mr. Barry obtained complete success for his client. Moreover, Mr. Barry is a very experienced attorney: He has practiced FDCPA litigation for nearly 25 years, has taught federal consumer law at Mitchell Hamline School of Law since 2003, and has a wealth of litigation experience in this practice area. (First Decl. of Peter F. Barry

---

[1] The Court notes that no attorney has entered an appearance on the Defendant's behalf. It appears that Mr. Katz, the Defendant's owner, has represented the Defendant in this matter. However, Mr. Katz is not admitted to practice before this Court, and has not sought admission *pro hac vice*. In addition, Mr. Katz's letter was untimely. Nonetheless, the Court will consider the letter as the Defendant's response to Hashi's motion.

("First Barry Decl.") [Doc. No. 20], Ex. 1.) Hashi has submitted numerous declarations from local consumer law litigators, who each attest that Mr. Barry's rate is reasonable in this community. (*See id.*, Ex. 4.) And, notably, nine years ago this Court found that $425 was a reasonable hourly rate for Mr. Barry's services in an FDCPA case. *See Gupta v. Arrow Fin. Servs. LLC*, No. 09-cv-03313 (SRN/SER) (D. Minn. Mar. 29, 2012).

Having carefully reviewed Mr. Barry's time log, the Court also finds that Mr. Barry reasonably expended 34.6 hours on this matter. The Defendant's only objection—that Mr. Barry billed 0.4 hours for a telephone call lasting 16 minutes—is unpersuasive. That the telephone call itself lasted 16 minutes has little bearing on the propriety of Mr. Barry's time entry: it is not unusual for an attorney to spend billable time preparing for a call prior to dialing, and to spend billable time related to the call after hanging up.

Accordingly, the Court finds that Hashi is entitled to $19,030 in attorney's fees pursuant to both the Offer of Judgment and the FDCPA. The Court also finds that Hashi is entitled to $540 in costs. (*See* First Barry Decl., Ex. 3.)

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees [Doc. No. 17] is **GRANTED**, as follows:

1. Defendant shall pay Plaintiff's reasonable attorney's fees, in the amount of $19,030;

2. Defendant shall pay Plaintiff's costs, in the amount of $540; and

4

3. Defendant shall make the foregoing payments within thirty (30) days after this Order is entered.

**IT IS SO ORDERED.**

Dated: April 6, 2021                              s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge